### PROPER METHOD OF COMPUTING THE FRANCHISE TAX.

Common Pleas Court of Franklin County.

STATE OF OHIO v. THE CABIN CREEK CONSOLIDATED COAL CO.

Decided, November, 1914.

*Foreign Corporations—Determination of Amount of Franchise Tax to be Paid by—Where the Company Owns Property and Transacts Business Outside of Ohio.*

The franchise tax chargeable against a corporation for the privilege of exercising its franchise in this state is to be determined by ascertaining the relation which the property of the company located in this state and the amount of business done here bears to the authorized capital stock as compared to the value of the property owned and the amount of business done outside of the state.

*T. S. Hogan,* Attorney-General, for plaintiff.

*G. E. Trump,* contra.

KINKEAD, J.

This action is brought to recover franchise tax against the defendant for the privilege of exercising its franchise in this state, claimed to be assessable under Section 5503, General Code. Plaintiff alleges that defendant is a corporation for profit organized under the laws of West Virginia; that it is engaged in doing business in this state and owns and uses a part of its capital in this state.

The answer discloses that defendant's report filed with the Tax Commission of Ohio shows its authorized capital stock to be $1,500,000; that the amount of business transacted in the state during the preceding year was $138,762.28, while the value of all property owned and used by the company in the state was $300. The amount of business transacted outside of Ohio was $737,074.58, and the value of the property owned and used by the company outside of Ohio was $2,470,400.

It is claimed by defendant that the proportion of the authorized capital stock represented by the property owned and used and business transacted in this state is $62,330, upon which the tax payable under Section 5503 would be three-twentieths of one per cent. of that sum, and amounts to $93.50.

The answer complains that the tax commission does not take into consideration the value of the property owned outside this state; that it fixed the proportion of the capital stock to be taxed in Ohio entirely and solely upon the basis of the proportion of the business done in Ohio to the total business of the company. It is urged that the commission had no evidence before it impeaching the report, taking no cognizance of the property outside the state, finding the proportion of the capital stock to be taxed to be $237,650, fixing the tax at three-twentieths of one per cent., or $365.48.

The reply avers that the tax commission fixed the tax in accordance with a rule uniformly followed and applied by it as follows:

"The ultimate object of inquiry is the degree to which corporate franchises are being exercised in Ohio as based upon the total authorized capital stock as a measure of the value of the franchise as an entity. The commission looks to the purpose of the corporation in the exercise of its franchise in this state as indicated by its report. If such purpose is in the main the ownership and use of property in this state, the proportion is determined upon the basis of property owned and used in this state as compared with property owned and used in this state and elsewhere; if that purpose is, in the main, the transaction of business in this state, the proportion is fixed on the basis of business transacted in this state as compared with business of a similar nature transacted in this state and elsewhere; if the purpose consists both of the ownership of property and the transaction of business in this state the proportion is determined upon the basis of property owned and used and business transacted in this state combined, as compared with property owned and used and business transacted in this state and elsewhere combined."

It is then claimed by plaintiff that the report filed by defendant showed that its exercise of its franchise in this state was, in

the main, for the purpose of doing business in this state.    The commission applied the above rule and fixed the tax accordingly,

The question presented by the demurrer to the reply is whether the tax as it has been assessed by the rule adopted by the commission is properly and legally done.    That it is not, seems clear from the plain intent and purpose of the statutes applicable.    The annual fee charged foreign corporations under Sections 5499-5503 is for the privilege of exercising the franchise of the class or kind contemplated by statute.

There is no doubt that the law imposes the annual fee upon "the continued value of the existing privilege or franchise" (66 O. S., 578) granted to foreign corporations which are "organized for profit and owning or using a part or all of its (their) capital or plant in this state."    For the purpose of imposing this tax only upon such corporations, they are required to make a report (Section 5499) which must contain: "The value of the *property owned* and *used* by the company in this state where situated, and the value of the property owned and used outside of this state and where situated."

The tax commission is required to assess the tax only upon such class of foreign corporations upon the report, and any other facts coming to its knowledge, upon "the proportion of the authorized capital stock of the company represented by its property and business in this state."    Section 5502.

The Auditor of State is required to charge for collection an annual fee upon a foreign corporation, in addition to the initial fees, for the privilege of exercising its franchise, based "upon the proportion of the authorized capital stock of the corporation represented by the property owned and used and business transacted in this state."    Section 5503.

The several statutes disclose a clear, definite purpose to charge a fee based upon "property owned and used and business" done in this state.    The tax assessed is according to the proportion of the capital stock as it is represented by *both* its *property* and *business*.

The proportion of the capital stock employed in this state can be determined by mathematical demonstration based on the per-

centage of property owned and used and business done here, as compared with property owned and used and business done outside of the state.

The statute plainly prescribes the factors to be taken into comsideration, furnishes the means of obtaining the data, and leaves no possible opportunity for the exercise of any discretion by the taxing body.

There is no warrant for the method fixed by the rule adopted and followed by the commission. Of course the statutes look to the purpose in the exercise of the franchise of the corporation. It will be conceded too that if the report shows, by the ownership and use of property and business done in the state, that the greater proportion of the authorized capital stock is employed in Ohio, naturally the purpose in the main would be the ownership and use of the property in Ohio.

Where, as in this case, a very small part of the property of a corporation, as office furniture amounting to but $300 in value, is in Ohio, and $138,762.28 worth of business is done in this state, while the property outside the state is $2,470,400 and the business done elsewhere amounts to $737,074.58, the proportion of the capital to be assessed is to be computed according to the relation which the property and amount of business done in this state, bears to the authorized capital stock as compared with the value of the property and amount of business done outside of Ohio.

The commission is an administrative body, being required to determine the tax "upon the proportion of the authorized capital stock of the corporation represented by the property owned and used and business transacted in this state" (Section 5503). Its function is to follow the letter of the statute and make the mathematical computation according to the intent thereof.

By so doing the amount of tax to be assessed under the statutes may be worked out with mathematical precision as follows:

Value of property in West Virginia $2,470,400.00
Business done outside of Ohio....     737,074.58    $3,207,474.58
Value of property in Ohio........ $       300.00

| | | |
|---|---|---|
| Business done in Ohio .......... | 138,752.28 | 139,052.28 |
| Total property and total amount of business transacted ......... | | $3,346,526.86 |

Percentage of this total as represented by the business done in Ohio, .04155.

Applying this to the authorized capital stock of the company $1,500,000, gives $62,225, as the proportion of the authorized capital stock represented by business done in Ohio.

One per cent. of $62,225 is $622.25.

Three-twentieths of this one per cent. equals $93.337.

An assessment of $365.48 on the basis contemplated by law, would represent a business in Ohio of 16.25 per cent. of the authorized capital stock and would necessitate an actual business done and property owned in Ohio of $543,790.61.

This is conclusive that the tax commission's basis of reasoning is arbitrary and not in compliance with the provisions of the statute. In other words an assessment of $365.48 is, instead of three-twentieths of one per cent., approximately twelve-twentieths of one per cent.

For the reasons stated the demurrer to the reply is sustained and judgment may be entered upon the pleadings in favor of defendant in accordance with the conclusions herein contained.